**SO ORDERED.**

**SIGNED this 01 day of February, 2007.**



*Dale L. Somers*
Dale L. Somers
**UNITED STATES BANKRUPTCY JUDGE**

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| In Re: <br><br> WILLIAM MICHAEL STEVENS and <br> HOLLY LYNNA STEVENS, <br><br>       DEBTORS. | CASE NO. 05-10555 <br> CHAPTER 7 |
| TAMARA BAMMEL, <br><br>       PLAINTIFF, <br><br> v. <br><br> WILLIAM MICHAEL STEVENS and <br> HOLLY LYNNA STEVENS, <br><br>       DEFENDANTS. | ADV. NO. 06-5242 |

**MEMORANDUM AND ORDER GRANTING DEFENDANT HOLLY STEVENS'
MOTION FOR SUMMARY JUDGMENT
AND DIRECTING ENTRY OF JUDGMENT**

By Complaint for Non-Dischargeabiliy of Debt ("Complaint"), Plaintiff Tamara Bammel prays for an order that her claim arising from a promissory note with the Debtors William Stevens and Holly Stevens (collectively "Debtors") is nondischargable pursuant to 11 U.S.C. §§ 523(a)(2), (a)(4), and (a)(6).[1] Defendant Debtor Holly Stevens has moved for summary judgment. She appears by Elizabeth A. Carson of Bruce, Bruce, & Lehman, LLC. Plaintiff Tamara Bammel appears by Rick Griffin of Martin, Pringle, Oliver, Wallace & Bauer, LLP. There are no other appearances. The Court has jurisdiction over the subject matter and the parties.[2]

The uncontroverted background facts are as follows. Debtors were the sole owners of HWS Stables and Hollenback Farms, Inc. ("HWS"). In January 1999, Debtors' friends, Tamara and Bruce Bammel, invested $250,000 in HWS, and Tamara Bammel received 2,000 shares of stock, which represented 50% ownership. In April 2001, based upon the offer of Debtor Michael Stevens, Tamara surrendered her stock in HWS to Debtors in exchange for their personal promissory note in the amount of $226,824, payable over five years at 5% interest. Debtors sold all of the assets of HWS. On December 14, 2004, Tamara obtained a default judgment against

---

[1] This case was filed before October 17, 2005, when most provisions of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 become effective. All statutory references to the Bankruptcy Code are to 11 U.S.C. §§ 101 - 1330 (2004), unless otherwise specified. All references to the Federal Rules of Bankruptcy Procedure are to Fed. R. Bankr. P. (2004), unless otherwise specified.

[2] This Court has jurisdiction pursuant to 28 U.S.C. § 157(a) and §§ 1334(a) and (b) and the Standing Order of the United States District Court for the District of Kansas that exercised authority conferred by § 157(a) to refer to the District's Bankruptcy judges all matters under the Bankruptcy Code and all proceedings arising under the Code or arising in or related to a case under the Code, effective July 10, 1984. A complaint to determine dischargeability of a particular debt is a core proceeding which this Court may hear and determine as provided in 28 U.S.C.§ 157(b)(2)(I). There is no objection to venue or jurisdiction over the parties.

the Debtors on the note in the amount of $127,489.20.  Debtors filed for relief on February 11, 2005.  Tamara filed a proof of claim based upon the judgment.

On May 16, 2006, Tamara filed the dischargeability Complaint.  She alleges in the complaint that her agreement to purchase the shares in HWS was induced by false representations made by Debtors regarding promised cutbacks in their personal finances to provide remaining funds needed to keep HWS running.  She further alleges that her decision to sell the HWS stock in exchange for the note was induced by additional false representations regarding further cutbacks in personal expenditures and that the note was as "good as gold."  Debtors denied the alleged facts.

Debtor Holly Stevens moved for summary judgment.  Plaintiff opposed the motion, and the Court took the matter under advisement.  The supporting and opposing memoranda state very few facts.  The Court's review establishes that the uncontroverted facts include those stated above as "background facts."  It is also uncontroverted that Tamara began questioning Holly about living expenses and other financial extravagancies after the initial investment and when pursuing the exchange of the stock for the note.  Other than these matters, the limited facts stated in support and in opposition to summary judgment are controverted.  Holly Stevens states she attempted to cut back on the expenses for the private schools attended by the Debtors' children and asserts that Debtor Michael Stevens is responsible for continuing the private schooling and for country club expenses.  Plaintiff Tamara Bammel controverts these positions.  Plaintiff also controverts Holly Stevens' statement that the assets of HWS were sold for less than the debt against them and she "received nothing from the sale other than additional debt."  The contrary evidence relied upon by Plaintiff is Holly Stevens' deposition testimony that she did not have

3

access to the HWS books and did not know what was owned by HWS. Holly Stevens controverts Plaintiff's statement of additional uncontroverted fact that Holly Stevens was aware of Debtors' insolvency at the time Plaintiff was induced to sell her shares of HWS and Holly said nothing other than agreeing to make the cutbacks in personal expenses.

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."[3] A genuine issue of material fact is a factual dispute that may affect the outcome of the case and one that a reasonable trier of fact could find in favor of either party.[4] Therefore, in order for the nonmoving party to defeat a motion for summary judgment it need only present evidence from which a trier of fact might return a verdict in their favor.[5] In determining this, all evidence and inferences are viewed in the light most favorable to the nonmoving party.[6] If the nonmoving party demonstrates that a reasonable jury could find for it, there is a genuine issue of material fact and summary judgment is inappropriate.[7] However, Federal Rule 56(e), made applicable in adversary proceedings by Bankruptcy Rule 7056,[8] provides that:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere

---

[3] Fed. R. Civ. P. 56(c). Future references to the rules in the text shall be to the rule number only.

[4] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

[5] *Id.* at 257.

[6] *Id.* at 255.

[7] *Id.* at 257.

[8] Fed. R. Bankr. P. 7056.

4

> allegations or denials of his pleading, but his response, by affidavits
> or as otherwise provided in this rule, must set forth specific facts
> showing that there is a genuine issue for trial. If he does not respond,
> summary judgment, if appropriate shall be entered against him.

The local Federal District Court rules,[9] made applicable in bankruptcy proceedings,[10] highlight the obligation of the non-moving party, by providing in part: "If the party opposing summary judgment relies on any facts not contained in the movant's memorandum, that party shall set forth each additional fact in a separately numbered paragraph, supported" in accord with Rule 56 standards.

Subsection 523(a)(2)(A), the first claim asserted by Plaintiff Tamara Bammel, provides as follows:

> (a) A discharge under section 727 . . . of this title does not
> discharge an individual debtor from any debt --
> * * *
> (2) for money, property, services, or an extension, renewal, or
> refinancing of credit, to the extent obtained by --
>  (A) false pretenses, a false representation, or actual fraud, other
> than a statement respecting the debtor's or an insider's financial
> condition;

"The bankruptcy court must consider whether the totality of the circumstances 'presents a picture of deceptive conduct by the debtor which indicates an intent to deceive the creditor.'"[11] Establishing an exception to discharge based upon misrepresentation requires the following elements: (1) The debtor made a representation; (2) at the time of the representation, the debtor knew it to be false; (3) the debtor made the representation with the intention and purpose of

---

[9] D. Kan. Rule 56.1

[10] D. Kan LBR preface ¶ 3.

[11] *Groetken v. Davis (In re Davis)*, 246 B.R. 646, 652 (10th Cir. BAP 2000), *quoting* 3 William L. Norton, Jr., Norton Bankruptcy Law and Practice 2d 47:16, n. 62 (1999).

5

deceiving the creditor; (4) the creditor justifiably relied on the representation; and (5) the creditor sustained the alleged loss and damage as a proximate result of the representation having been made.[12] The Creditor has the burden of proof on all elements by a preponderance of the evidence.[13]

When moving for summary judgment Holly Stevens contends that Plaintiff has failed to establish justifiable reliance on a misrepresentation and, even assuming such reliance, a resulting loss. The Court agrees. Plaintiff Tamara Bammel has failed to present evidence from which the Court could conclude these elements are satisfied. In the Complaint, Tamara Bammel alleges she was induced to invest in HWS by false representations made by Debtors regarding promised cutbacks in their personal finances to provide remaining funds needed to keep HWS running. When responding to the motion for summary judgment, Plaintiff offers no facts to support misrepresentations having been made when she became a HWS stockholder or any reliance on such a misrepresentation. The only factual controversy established by the pleadings, when construed liberally in favor of Tamara Bammel who is opposing summary judgment, relates to alleged representations regarding personal finances at the time when Tamara Bammel alleges she was "induced to sell her shares in HWS." These factual controversies include what Holly Stevens stated she would do, what she did do to cut back on expenses, and the extent to which she should be held accountable for the acts of Michael Stevens. But these controversies are not relevant to Tamara's burden of proof to show reliance upon a misrepresentation, in addition to the presence

---

[12] *E.g., Fowler Bros. v. Young (In re Young),* 91 F.3d 1367, 1373 (10th Cir. 1996) (stating five elements but requiring that creditor's reliance be reasonable); *Field v. Mans*, 516 U.S. at 74 (holding that creditor reliance must be justifiable).

[13] *Grogan v. Garner*, 498 U.S. 279, 287 (1991).

of a misrepresentation. Tamara fails to present evidence that she relied upon a misrepresentation that personal expenses would be reduced when agreeing to exchange her stock for the Debtors' personal note.

In addition, Tamara fails to address the required element of loss resulting from the reliance upon a misrepresentation.[14] There is no basis from which to conclude that Plaintiff's purchase of the HWS stock resulted in loss. As to payment for the stock, it is uncontroverted that Tamara received payment of approximately one half of the amount of the note. There is no evidence from which the Court could conclude that she would have received more if she had retained the stock rather than being allegedly induced into the note transaction.

In regard to the allegations of misrepresentations when the stock was purchased, reliance, and resulting loss, Tamara appears to be relying upon the allegations of her Complaint. This is contrary to the requirements of the Rule 56 and the local rule quoted above regarding responses to motions for summary judgment. The Court finds this not sufficient. For the foregoing reasons, Debtor Holly Stevens is entitled to summary judgment on the § 523(a)(2) allegation.

Likewise, Plaintiff has not come forward with any evidence to support denial of discharge pursuant to § 523(a)(4). Section 523(a)(4) excepts from discharge "any debt for fraud or defalcation while acting in a fiduciary capacity." "For purposes of section 523(a)(4), the definition of 'fiduciary' is narrowly construed, meaning that the applicable state law that creates the fiduciary relationship must clearly outline the fiduciary duties and identify the trust

---

[14] When moving for summary judgment, Holly Stevens argued that there was no loss from the alleged reliance. When Tamara Bammel failed to offer facts supporting loss when responding to the summary judgment motion, Holly Stevens pointed out this fact in her reply brief, but Tamara Bammel did not seek leave of Court to file an additional pleading to address the deficiency.

property."[15] The statute requires the existence of express or technical trust,[16] and "the mere fact that state law places two parties in relationship that may have some of the characteristics of a fiduciary relationship"[17] does not necessarily mean that the standard of § 523(a)(4) is satisfied. Under this standard, it has been held that a director of a closely held corporation does not stand in a fiduciary relationship to a minority stockholder.[18]

Debtor Holly Stevens moved for summary judgment on the § 523(a)(4) count arguing that there was not a fiduciary relationship between Tamara Bammel and Debtors and, even if there were such a relationship, the Complaint failed to allege a breach of that duty. When responding to the summary judgment motion, Plaintiff did not address this count.[19] Plaintiff has not shown any basis on which the Court could find a fiduciary relationship. Debtor Holly Stevens is entitled to summary judgment on this claim.

Section 523(a)(6) excepts from discharge any debt "for willful and malicious injury by the debtor to another entity or to the property of another entity." "Whether analyzed as an element of willfulness or maliciousness, the conduct must be intended to or necessarily cause injury before a debt may be determined nondischargeable" under section 523(a)(6).[20] When moving for summary

---

[15] 4 *Collier on Bankruptcy* ¶ 523.10[1][d] (Alan N. Resnick & Henry J. Sommer eds.-in-chief, 15th ed. rev. 2006); *see In re Young*, 91 F. 3d at 1371 (holding that existence of fiduciary relationship is determined by federal law and requires that the money or property on which the debt in issue was based was entrusted to the debtor).

[16] *In re Young*, 91 F.3d at 1371.

[17] I*d.*

[18] *Horridus v. Steele (In re Steele)*, 292 B.R. 422 (Bankr. D. Colo. 2003).

[19] Debtor Holly Stevens also pointed out this failure in her reply brief, but Tamara Bammel did not seek leave of Court to file an additional pleading to address the deficiency.

[20] 4 *Collier on Bankruptcy* at ¶ 523.12[2].

8

judgment, Debtor Holly Stevens argued that Complaint did not allege willful and malicious conduct and that an ordinary default on a note cannot constitute willful and malicious injury to property for purposes of § 523(a)(6). Again, Plaintiff did not respond.[21] The Court finds that there are no facts presented from which the Court could find the debt was caused by wilful and malicious injury to property of the Plaintiff. Debtor Holly Stevens is entitled to summary judgment on this count.

In conclusion, the Court grants Debtor Holly Stevens' motion for summary judgment on all counts alleged in the Complaint. Plaintiff, in response to the motion, did not come forth with specific facts showing any genuine issues of material fact for trial.

The foregoing constitute Findings of Fact and Conclusions of Law under Rule 7052 of the Federal Rules of Bankruptcy Procedure and Rule 52(a) of the Federal Rules of Civil Procedure. The Court finds, pursuant to Federal Rule of Civil Procedure 54(b), which is referenced in Federal Rule of Civil Procedure 58(a), that there is no just reason for delay in entry of judgment in favor of Holly Stevens, even though the Compliant also alleges non-dischargeability as to co-debtor Michael Stevens, and the Court directs entry of judgment in favor of Holly Stevens. A judgment based upon this ruling will be entered on a separate document as required by Federal Rule of Bankruptcy Procedure 9021 and Federal Rule of Civil Procedure 58.

**IT IS SO ORDERED.**

*###*

---

[21] Debtor Holly Stevens also pointed out this failure in her reply brief, but Tamara Bammel did not seek leave of Court to file an additional pleading to address the deficiency.